UNITED STATES DISTRICT COURTE
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOHAMED ELGHOURAB,                                  Civil Action No.

                Plaintiff,

-against-

VISTA JFK, LLC,

                Defendant.
-----------------------------------------------------------------X

## COMPLAINT

Plaintiff, MOHAMED ELGHOURAB ("Elghourab"), as and for his Complaint against Defendant, Vista JFK, LLC ("Defendant"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Elghourab brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Elghourab's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Elghourab's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5. Elghourab was employed by Defendant from on or about September 9, 2011 to on or about September 9, 2016.

6. Upon information and belief, Defendant, Vista JFK, LLC ("Defendant"), is a foreign limited liability company duly authorized to conduct business in the State of New York.

7. Upon information and belief, Defendant operates the Radisson Hotel JFK Airport located at 135-30 140th Street, Jamaica, New York.

## FACTS

8. During his employment, plaintiff worked as a cook in the kitchen of the restaurant located at the Radisson Hotel JFK Airport.

9. Plaintiff's primary duties were to prepare food, cook food, clean the kitchen, and have everything ready for breakfast, lunch, and dinner in the restaurant.

10. During his employment, plaintiff was paid a flat weekly salary for his work.

11. From on or about September 9, 2011 to on or about September 2013, plaintiff worked 6 days a week.

12. During this time, plaintiff had off on Fridays.

13. During this time, plaintiff began his shift each day at 6:00 a.m.

14. During this time, plaintiff's shift ended each evening at 8:00 p.m. or later.

15. During this time, plaintiff was not given any uninterrupted meal breaks of more than 15 minutes at a time.

16. During this time, plaintiff worked 84 hours each week.

17. From on or about September 2013 to on or about March 2015, plaintiff worked 5 days a week with Tuesdays and Fridays being his days off.

2

18. During this time, plaintiff began his shift each day at 6:00 a.m.

19. During this time, plaintiff's shift ended each evening at 8:00 p.m. or later.

20. During this time, plaintiff was not given any uninterrupted meal breaks of more than 15 minutes at a time.

21. During this time, plaintiff worked 70 hours each week.

22. From on or about March 2015 until on or about September 2016, plaintiff worked 6 days a week with Friday being his off day.

23. During this time, plaintiff began his shift each day at 6:00 a.m.

24. During this time, plaintiff's shift ended each evening at 8:00 p.m. or later.

25. During this time, plaintiff was not given any uninterrupted meal breaks of more than 15 minutes at a time.

26. During this time, plaintiff worked 84 hours each week.

27. During his employment, plaintiff was never paid time and a half his regular rate of pay when he worked more than 40 hours each week.

28. During his employment, plaintiff was never paid overtime compensation.

29. During his employment, Elghourab was not exempt from the overtime provisions of the FLSA or the NYLL.

30. During his employment, Defendant failed to maintain records that accurately recorded the hours of each day and hours of each week that plaintiff actually worked.

31. During his employment, Defendant directed and controlled Elghourab's daily work activities.

32. During his employment, Defendant managed Elghourab's employment, including the amount of overtime he worked.

33. Defendant devised, dictated, implemented, controlled, and supervised the wage and hour practices and policies relating to Elghourab.

34. Defendant was aware of Elghourab's work hours, but failed to pay him the full amount of wages to which he was entitled to for this work time under the law.

35. Defendant's failures to pay proper wages in a timely manner have been made without good faith, willfully, and with a reckless disregard for Elghourab's rights; and Elghourab has been damaged by such failures.

## COUNT I
## FLSA Overtime Violation

36. Elghourab reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

37. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

38. Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

39. Upon information and belief, the gross annual volume of sales made or business done by Defendant for the years 2016, 2015, and 2014 was not less than $500,000.00.

40. At all times relevant to this action, Elghourab was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

41. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

42. By the above-alleged conduct, Defendant has violated the FLSA by failing to pay Elghourab overtime compensation as required by the FLSA.

43. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

44. However, none of the Section 13 exemptions apply to Elghourab because he has not met the requirements for coverage under the exemptions.

45. Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the FLSA.

46. Defendant has not acted in good faith with respect to the conduct alleged herein.

47. As a result of Defendant's violations of the FLSA, Elghourab has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### NYLL Overtime Claim

48. Elghourab reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

49. At all times relevant to this action, Elghourab was employed by Defendant within the meaning of New York Labor Law §§ 2 and 651.

50. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

51. By the above-alleged conduct, Defendant failed to pay Elghourab overtime compensation as required by the New York Labor Articles.

52. By the above-alleged conduct, Defendant failed to pay Elghourab overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

53. Elghourab is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

54. Defendant has acted willfully and has either known that its conduct violated the New York Labor Articles or has shown a reckless disregard for the matter of whether its conduct violated the New York Labor Articles. Defendant has not acted in good faith with respect to the conduct alleged herein.

55. As a result of Defendant's violations of the NYLL, Elghourab has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

56. Defendant willfully failed to furnish Elghourab with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in the language identified by Elghourab as his primary language, which were to contain, among other things, Elghourab's rate or rates of pay and basis thereof; the regular pay day designated by

6

Defendant as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Elghourab's regular hourly rates of pay and overtime rates of pay.

57. Through its knowing and intentional failure to provide Elghourab with the wage notices required by the NYLL, Defendant has willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

58. Due to Defendant's willful violations of the NYLL, Elghourab is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Elghourab, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demands judgment against Defendant, jointly and severally and in favor of Elghourab, for a sum that will properly, adequately, and completely compensate Elghourab for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendant committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Elghourab;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime wages to Elghourab;

4. Willfully violated the applicable provisions of the NYLL.

7

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action, liquidated damages under the FLSA and the NYLL, and statutory penalties under the NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
February 16, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT CONSENT FORM

I, the undersigned, consent to be a party in **Elghourab, Mohamed v. Vista JFK, LLC** in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. section 216(b).

Dated: Massapequa, New York
October 20, 2016

_____
Mohamed Elghourab