CHRISTOPHER A. SEACORD
CSEACORD@GRSM.COM



ATTORNEYS AT LAW
ONE BATTERY PARK PLAZA
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GRSM.COM

June 11, 2018

**BY ECF**

The Honorable Allyne R. Ross
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Mohamed Elghourab v Vista JFK, LLC*
             Civil Action No. 17 Civ. 00911 (ARR)(ST)

Dear Judge Ross:

    Our firm represents defendant, Vista JFK, LLC ("Defendant" or the "Company"), in the above-referenced matter. Pursuant to Your Honor's Individual Practices and Rules, we write to respectfully request a pre-motion conference for the purpose of obtaining leave to file a motion for summary judgment in this matter. The anticipated bases for Defendant's proposed motion are set forth below.

## THE COMPLAINT

    In his Complaint, Plaintiff, the former Executive Chef for the Company, raises claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Specifically, Plaintiff claims that he was employed merely as a "cook," and as such, was eligible for overtime pay which he did not receive. Plaintiff claims that he worked upwards of 84 hours per week, and seeks compensatory damages for all overtime compensation he claims he was owed for the entirety of his employment, plus liquidated damages and attorneys' fees. Plaintiff also asserts a claim under NYLL 195(1), alleging that he did not receive a wage notice as required by the statute.

## FACTUAL SUMMARY

    Plaintiff was hired by the Company in September 2011 to serve as the Executive Chef for the Radisson Hotel located at JFK Airport. As Executive Chef, Plaintiff had supervisory and managerial responsibility for the kitchen, the Hotel Restaurant, and the banquet rooms. As Executive Chef, Plaintiff's responsibilities included hiring, training and scheduling of staff; controlling food costs and other budgetary matters; ensuring food quality; maintaining guest satisfaction; and ensuring health standards were met. Plaintiff's starting salary was $55,000, with

The Honorable Allyne R. Ross, U.S.D.J.
June 11, 2018
Page 2

subsequent increases to $65,000 in 2014, and $69,000 in 2016. As a manager, Plaintiff was also eligible for quarterly bonuses through the Executive Chef Bonus Program. Plaintiff's employment with the Company ended in September 2016, when he simply stopped reporting to work. For the entirety of his employment with the Company, Plaintiff was classified as an exempt executive.

## BASIS FOR ANTICIPATED MOTION

### A. Plaintiff's FLSA and NYLL Claims for Unpaid Overtime Must Be Dismissed Because Plaintiff Was An Exempt Executive

Plaintiff's claims in this action fail as a matter of law because Defendant has an absolute affirmative defense to liability under the FLSA and the NYLL. Specifically, the overtime provisions of both the FLSA and NYLL are inapplicable where, as here, an employee was properly classified as "exempt." Here, because Plaintiff was an exempt executive, he was not entitled to overtime pay and his claims under the FLSA and NYLL must be dismissed.

Both Section 13(a)(1) of the FLSA, and Section 651(5)(c) of the NYLL provide an exemption from the overtime pay requirements for employees who are employed in a *bona fide* executive capacity. *See* 28 U.S.C. § 213(a)(1); N.Y. Lab. Law § 651(5)(c). To qualify for the executive exemption, an employee must satisfy the following four conditions: (1) must be compensated on a salary basis at a rate not less than $455 per week under the FLSA or $825 per week under the NYLL; (2) have the primary duty of managing the employer's company or enterprise, or managing a "customarily recognized department or subdivision" of the company or enterprise; (3) customarily and regularly direct the work of two or more other full-time employees; and (4) possess the authority to hire or fire other employees, or the employee's recommendations as to the hiring, firing, advancement, promotion, or any other change to the status of other employees must be given "particular weight." *See* 29 CFR § 541.100; 12 N.Y.C.R.R. § 142-2.14(4)(i); *see generally Martinez v. Hilton Hotels Corp.*, 930 F. Supp. 2d 508, 519 (S.D.N.Y. Mar. 15, 2013) (noting that, "because New York's overtime provisions mirror and/or expressly adopt federal wage law, federal courts evaluate New York's executive exemption by reference to the FLSA and its attendant regulations as set forth in the Code of Federal Regulations").

In this matter, Plaintiff clearly satisfied all four requirements of the executive exemption. With respect to the first factor, Plaintiff's starting salary was $55,000 per year, or $1,057.69 per week, which far exceeds the minimum threshold under both the FLSA and NYLL. As to the second factor, Plaintiff was responsible for managing all of the hotel's kitchen operations, which is a customarily recognized department or subdivision of the hotel. As set forth in Plaintiff's written job description, Plaintiff was responsible for, among other things, setting schedules, pricing menus, ensuring compliance with applicable health and safety guidelines, controlling food and payroll costs, hiring and training employees, and ensuring customer satisfaction, all of which are customarily recognized managerial responsibilities. Moreover, the documentary evidence in this matter clearly demonstrates that Plaintiff regularly attended managerial meetings, approved vacation and leave requests submitted by staff members, and ordered all food and other supplies for the restaurant. Thus, the second factor is satisfied.

The Honorable Allyne R. Ross, U.S.D.J.
June 11, 2018
Page 3

Regarding the third factor, Plaintiff supervised the entire kitchen staff, which, at any given time, consisted of multiple cooks and at least one dishwasher. Moreover, during periods when the Company did not employ a Food and Beverage Manager, Plaintiff oversaw both the kitchen staff (the "back of the house") and the restaurant staff (the "front of the house"). Thus, because he regularly supervised two or more employees, the third factor is satisfied.

Finally, with respect to the fourth factor, Defendant's kitchen staff, with the exception of Plaintiff, consisted entirely of union employees. As a result, the turnover rate for Defendant's kitchen staff was low. Nonetheless, while the composition of the permanent staff remained substantially the same during the course of Plaintiff's employment, a number of vacancies did arise which Plaintiff was responsible for filling. Indeed, the documentary evidence, as well as Plaintiff's own testimony, clearly demonstrates that he was responsible for hiring several employees during the course of his employment. Therefore, because Plaintiff satisfies the fourth and final factor for the executive exemption, his claims under the FLSA and the NYLL fail as a matter of law and must be dismissed.

### B. Plaintiff's Claim Under NYLL § 195(1) Must Be Dismissed

With respect to Plaintiff's claim under NYLL § 195(1), there exists an affirmative defense where an employer can demonstrate that it made timely payment of all wages due to the employee. *See* N.Y. Lab. Law § 198(1-b). During his deposition, Plaintiff admitted that he received timely payment of all wages owed to him by Defendant, except for the alleged overtime pay. Moreover, as set forth above, because Plaintiff was an exempt executive, he was not entitled to overtime pay. Accordingly, because Plaintiff received timely payment of all wages owed to him by Defendant, his claim under NYLL § 195(1) fails as a matter of law and must be dismissed.

We thank the Court for its consideration herein.

Respectfully submitted,

*Christopher A. Seacord*

Christopher A. Seacord

CC:    All Counsel of Record (By ECF)

1134860/38776322v.1