UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MOHAMED ELGHOURAB,

        *Plaintiff*,

  -against-

VISTA JFK, LLC,

        *Defendant*.

17-CV-911 (ARR) (ST)

**OPINION & ORDER**

ROSS, United States District Judge:

Plaintiff Mohamed Elghourab moves, with consent of defendant Vista JFK, LLC ("Vista JFK"), to seal and file a redacted version of his response to defendant's objections to a report recommending that I grant plaintiff's motion to enforce the judgment. For the following reasons, the motion is denied.

## BACKGROUND

In February 2017, Mr. Elghourab sued Vista JFK for violations of the Fair Labor Standards Act and New York labor law. Mr. Elghourab had been employed by Vista JFK to work in the kitchen of the restaurant at the Radisson Hotel JFK Airport ("Radisson JFK"); he sought damages for defendant's failure to pay him overtime wages. After a two-day bench trial, I found Vista JFK liable. *Elghourab v. Vista JFK, LLC*, No. 17-CV-911 (ARR) (ST), 2019 WL 2431905 (E.D.N.Y. June 11, 2019). After I granted in part defendant's motion for an amended judgment, *Elghourab v. Vista JFK, LLC*, No. 17-CV-911 (ARR) (ST), 2019 WL 13218564 (E.D.N.Y. July 31, 2019), I entered an amended judgment awarding Mr. Elghourab unpaid overtime compensation, liquidated damages, statutory damages, and pre-judgment interest totaling $1,024,267.46, plus post-judgment

interest at the statutory rate, Amended Judgment, ECF No. 82. Vista JFK appealed, and the Second Circuit affirmed. *Elghourab v. Vista JFK, LLC*, 818 F. App'x 63, 67 (2d Cir. 2020).

On January 11, 2022, Mr. Elghourab filed a motion to enforce the judgment that principally sought a turnover order directing certain non-parties—four corporate entities and an individual named Ally Visram—to satisfy the amended judgment. Mem. in Support of Mot. to Enforce ("Mot. to Enforce") 2, ECF No. 99-1. I respectfully referred the motion to Magistrate Judge Steven Tiscione, who issued a report recommending that Mr. Elghourab's motion be granted. Report & Recommendation ("R&R") 1, ECF No. 103. In short, Judge Tiscione concluded that the non-parties, including Visram, the owner of Vista JFK, exercised complete control over Vista JFK and that equity demanded judicial intervention given defendant's misrepresentations, inadequate capitalization, and diversion of funds to the non-parties. *Id.* at 3, 13–14. Vista JFK filed an objection to the R&R, Def.'s Obj., ECF No. 113, and Mr. Elghourab filed a response to the objections, Resp. to Obj., ECF No. 114. Before I could rule on the pending motion, Mr. Elghourab filed a satisfaction of judgment, which affirmed that the judgment and costs had been paid in full, Satisfaction of Judgement, ECF No. 115, and moved to withdraw the motion to enforce.

Finally, on October 25, 2022, Mr. Elghourab filed a motion to seal and file a redacted version of his response to defendant's objection to the R&R. The motion, which was filed on consent, includes a declaration by Ally Visram and an exhibit with proposed redactions marked. Visram Decl., ECF No. 118-2; Visram Decl., Ex. 1 ("Proposed Redactions"). The redactions would conceal certain purportedly damaging statements about Mr. Visram.[1]

---

[1] Plaintiff "agreed to file" the motion, Mem. in Support of Mot. to Seal ("Mot. to Seal") 3, ECF No. 118-1, presumably as part of a bargain to resolve the motion to enforce.

2

**LEGAL STANDARD**

There is a longstanding common law right of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The presumption of access is governed by a three-step analysis. First, I must determine whether the document at issue is "relevant to the performance of the judicial function and useful in the judicial process" and thus a "judicial document" covered by the presumption of public access. *Lugosch*, 435 F.3d at 119 (quotation omitted). Second, I must determine the weight of the presumption of access. *Id.* The weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*"). Third and finally, I must balance countervailing considerations, such as "the danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure," against the weight of the presumption of access. *Id.* at 1050.[2]

Though both parties consent to the motion to seal, I have an obligation to carefully scrutinize the request. The presumption of access to judicial documents is not subject to the whims of litigants, but rather is "based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." *Id.* at 1048.

---

[2] Separately, there is a qualified First Amendment right of access to judicial documents that "has been understood to be stronger than its common law ancestor." *United States v. Erie County*, 763 F.3d 235, 239 (2d Cir. 2014). Because I deny the motion under the common law presumption of public access, I do not address the First Amendment counterpart.

## DISCUSSION

In the motion to seal, plaintiff explains that he made "potentially damaging allegations against" non-parties, specifically Ally Visram, in his response to defendant's objections to the R&R. Mot. to Seal 1. Judging by Mr. Visram's declaration and proposed redactions, the damaging allegations principally concern assertions about Mr. Visram's control of Vista JFK and allegations that Visram and others obscured Vista JFK's assets and ownership "through fraud, wrongdoing, and false representation." *See generally* Proposed Redactions. Visram also seeks to redact allegations that certain admissions, declarations, and representations he and others made were "false" or "bogus." Proposed Redactions 5–6.

Mr. Elghourab argues that because the judgment has been satisfied, "Visram has been deprived of his opportunity to seek vindication" by responding to the motion to enforce and "there is . . . no overriding public interest that prevents the allegations from being sealed." Mot. to Seal 1. Finally, the motion argues that the "sealing request is also narrowly tailored, applying to only a select number of sentences and portions of sentences in a ten-page filing." *Id.*

In his declaration, Mr. Visram states that plaintiff's response "went beyond the scope of the R&R and the Objections to the R&R to needlessly and baselessly accuse me personally of wrongdoing that goes well beyond this action." Visram Decl. ¶ 10 (quotation marks and alteration omitted). He adds that the allegations are "baseless and wholly untrue" and "gratuitous in that they were not necessary to the Motion to Pierce." *Id.* ¶ 12. Finally, Visram—who is Chief Operating Officer of non-party Vista Property Management, LLC—explains that plaintiff's allegations could "seriously and significantly imperil [his] hotel business now and in the future" by impairing his "ability to access new franchise opportunities or extension, loans or financing approvals for

4

existing hotels and potential new acquisitions, particularly now when hotels are slowly recovering from the Covid-19 pandemic that battered the hospitality industry." *Id.* ¶¶ 13, 19.

To determine whether the parties may make the requested redactions, I will apply the three-step test discussed above. First, I must determine whether plaintiff's response to defendant's objections to the R&R is a judicial document. Clearly the R&R itself is a judicial document. *See Leslie v. Met Pro Techs., LLC*, No. 16-CV-1428 (TJM) (DJS), 2019 WL 5783518, at *3 (N.D.N.Y. Mar. 26, 2019); *Castellano v. Young & Rubicam, Inc.*, No. 97-CV-5464 (SHS) (HBP), 1999 WL 714063, at *1 (S.D.N.Y. Sept. 14, 1999). Likewise, the underlying motion to enforce the judgment, which seeks specific relief from the court and calls for the "performance of Article III functions," is a judicial document. *Amodeo II*, 71 F.3d at 1050. It follows that briefing in response to the R&R, such as the objections and response to objections filed in this case, which are "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119, are also judicial documents presumptively subject to public disclosure.

Second, I consider the weight of the presumption of public access. Documents are not given "different weights of presumption based on the extent to which they were relied upon in resolving the motion." *Lugosch*, 435 F.3d at 123. Thus, the fact that I never had to consider Mr. Elghourab's submission does not weaken the presumption of public access. *Shetty v. SG Blocks, Inc.*, No. 20-CV-00550 (ARR) (SMG), 2020 WL 3183779, at *11 (E.D.N.Y. June 15, 2020). Nor does the withdrawal of the underlying motion to enforce weigh against the presumption of public access. *Giurca v. Montefiore Health Sys., Inc.*, No. 18-CV-11505 (ER) (BCM), 2021 WL 2739061, at *3 (S.D.N.Y. July 1, 2021) ("Defendants point to no authority (and the Court is aware of none) for the proposition that judicial documents lose that status if the motion to which they pertain is withdrawn before any ruling is issued."). Ultimately, the inquiry hinges on whether the document

5

was "presented to the court to invoke its powers or affect its decisions." *Amodeo II*, 71 F.3d at 1050. Though I did not rely on the briefing in response to the R&R due to the withdrawal of the motion to enforce, I certainly would have considered the objections and response in deciding whether to accept or reject Judge Tiscione's recommendation, and the response was presented to me for that purpose. *Cf. Lugosch*, 435 F.3d at 123 ("[D]ocuments that the judge *should* have considered or relied upon, but did not, are just as deserving of disclosure as those that actually entered into the judge's decision."). As a result, I find that the presumption of public access is strong.

Third, I conclude that countervailing considerations do not outweigh the presumption of public access. Certainly, third party privacy interests are "a venerable common law exception to the presumption of access." *Amodeo II*, 71 F.3d at 1051. However, in this context, Mr. Visram's privacy interest is not as weighty as a typical third party. Judge Tiscione concluded the following: Mr. Visram owns defendant Vista JFK and has a 49% stake in Amaya JFK Hotel LLC, which owns JFK Hotel Holdings, LLC, which owns JFK Hotel Mezz Borrower, LLC, which owns JFK Hotel Owner, LLC ("JFK Hotel Owner"), which—as its name suggests—owns the Radisson JFK. R&R 3. Vista JFK is operated by JFK Hotel Owner, but it is neither owned by nor a subsidiary of JFK Hotel Owner. *Id.* This convoluted corporate structure lies at the heart of the motion to enforce, and Mr. Visram—who was deposed during the enforcement proceedings—is a central character in the story. Thus, his privacy interests are minimal. Moreover, courts in this circuit have consistently held that general concerns about harm to reputation or future employment are not sufficient to overcome a strong presumption of public access. *Cavender v. U.S. Merch. Marine Acad.*, No. 20-CV-2063 (PKC) (ST), 2020 WL 3304538, at *3 (E.D.N.Y. June 18, 2020) (collecting cases).

In addition, I am not persuaded that Mr. Visram's lack of opportunity to respond to the purportedly "baseless and untrue" allegations is a countervailing factor. Whether the allegations are true or untrue is neither here nor there. "The fact that a member of the public could draw an incorrect conclusion is not a basis for sealing a document." *Shetty*, 2020 WL 3183779, at *11. And though Mr. Visram complains that he lacked an opportunity to reply to plaintiff's response, Visram presumably did have the opportunity—as the owner of Vista JFK—to file a reply prior to the satisfaction of judgment, should he have wished to do so. That defendant satisfied the judgment without first replying to allegations made against its owner does not create a countervailing factor against public access to the entirety of a judicial document.

Finally, the "damaging allegations" plaintiff seeks to redact are essentially already public. Statements to the effect that Visram controls Vista JFK, that Vista JFK is a shell company, and that Visram and others have made fraudulent and false representations about Vista JFK's assets and ownership are all repeated in plaintiff's motion to enforce, which has been publicly available on the docket since January 11, 2022. *See* Mot. to Enforce 4, 17–19 (claiming, for example, that "[t]he fraud and wrongdoing in this case began when Ally Visram committed insurance fraud," *id.* at 17). Though some of the proposed redactions would eliminate the sharp language plaintiff added to his response to the objections, the substance of the information Visram wishes to seal in the response is essentially identical to the information contained in the motion to enforce. As I have previously stated, "[t]he Second Circuit and courts within it have repeatedly found sealing improper where the relevant material was already made public." *Shetty v. SG Blocks, Inc.*, 20-CV-550 (ARR) (MMH), 2021 WL 4959000 at *4 (E.D.N.Y. Oct. 26, 2021).

## CONCLUSION

For the foregoing reasons, the motion to seal plaintiff's response to the objections to the R&R is denied.

SO ORDERED.

                                                /s/
                                      Allyne R. Ross
                                      United States District Judge

Dated:       March 2, 2023
                Brooklyn, New York